*98 OPINION.
Trammell :
At the hearing' counsel for the petitioners moved that the proceeding in Docket No. 26127 be dismissed on the ground that the Board does not have jurisdiction, since the respondent addressed and sent to Edgar Stark, executor of the estate of Jacob G. Schmidlapp, the notice of a deficiency determined against the trustee under Schmidlapp’s will.
Section 283 (a) of the Revenue Act of 1926 provides in part as follows:
*99 If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the * * * Revenue Act of 1921, * * * or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act.
The trustee petitioner filed the petition based on the notice sent to the executor. The determination of a deficiency against the trustee and the sending of notice thereof to the executor does not meet the requirement of the Act that notice is to be sent to the person liable for the tax. Caughey-Jossman Co., 8 B. T. A. 201. Since the proceeding in Docket No. 26127 was not based upon a notice by the respondent to the petitioner as required by the Act we do not have jurisdiction and the proceeding will be dismissed. See Bond, Inc., 12 B. T. A. 339; San Joaquin Fruit & Investment Co., 16 B. T. A. 1290, and Gideon-Anderson Co., 18 B. T. A. 329.
The respondent does not contend that the Charlotte R. Schmidlapp trust and the one created by the instrument of July 3, 1916, were not for charitable and educational purposes, and that the one created under the will was not for charitable purposes. The manner in which these trusts are administered and the income therefrom distributed is set forth in our 'findings of fact. The respondent concedes that the bequest in the will establishing the testamentary trust that friends and relatives be given preference does not deprive it of its otherwise charitable character. He also concedes that the trusts established by Schmidlapp are primarily for the public genially rather than for the benefit of needy friends and relatives.
The petitioners contend that the trusts are exempt from taxation under the provisions of section 231 (6) of the Revenue Act of 1921. That section provides in part as follows:
That the following organizations shall be exempt from taxation under this title—
(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.
The petitioners urge that the trusts are each a fund or foundation within paragraph 6 of section 231 of the Act. The respondent contends that in the phrase “ any community chest, fund or foundation ” the word “ community ” relates to and modifies the three words “ chest,” “ fund ” and “ foundation ” and describes the manner of creation and not the manner of distribution of the trust. His contention is that a fund or foundation, to be exempt under the provi *100 sions of section 231 (6), must be one created by community contributions and not by a single individual.
In Bok v. McCaughn, 42 Fed. (2d) 616, the question of the deductibility, under section 214 (a) (11) of the Revenue Act of 1921, of contributions or gifts to a “ community chest, fund or foundation ” was considered. There the court said:
Tliis brings us to the fundamental question in the case. Were the plaintiff’s gifts to or for the use of a “ corporation or community chest, fund, or foundation ” ? If the instrument effectuating the gift be examined, it is at once apparent that, whatever • else it does, it certainly creates a trust. Gifts to trusts, eo nomine, are not included in the provisions for deductions in Section 214 of the Act of 1921, nor are they expressly excluded. Is the plaintiff’s gift properly described by any term of the clause above quoted?
The immediate donee in this case is not a corporation in the ordinary sense. * * * It is not a community chest. In my opinion, the word “ community ” plainly means raised or contributed by a community, and not, for the benefit of a community. Community chests are well known and extensively adopted vehicles of charity. The name implies a method of raising and administering funds for the benefit of all organized charities in a single community. One of the essential ideas involved is that the contributions should be from the whole community or from as many members of it as possible. The aim in every case is to induce every member of the community to contribute according to his means. I can not conceive of the contribution of a single individual being called a community chest and it has not been suggested that the plaintiff’s gift here for example can be described as such.
Does the word “ community ” also modify either or both of the words “ fund ” and “ foundation ” ? The plaintiff’s gift is a gift to a fund or a foundation. It is not a gift to a community fund or a community foundation. The plaintiff’s position is that the word “ community ” modifies only the word “ chest ”, and he bases this upon the argument that the word “ chest ” would be meaningless without the additional descriptive term, which is perfectly true, but it has very little bearing upon the question whether the word “ community ” also applies to the other two words in the phrase. The defendant’s position is that a consideration of all the Revenue Acts since and including the Act of 1917 down to date, clearly indicates that Congress intended to exclude gifts to trusts, and that Congress would simply be nullifying its own scheme and purpose if funds and foundations generally were exempt, because there can scarcely be a charitable fund or foundation which is not a trust.
* # # # * * *
A strongly suggestive enactment having a direct bearing upon the question is Section 706 of the Revenue Act of 1928, which retroactively allows a deduction in case of gifts to trusts for charitable purposes, but limits such deductions to cases where such gifts were made during the taxable year of 1923, and were followed in the following year by gifts of substantially the same amount to the same trust. The amount allowed as a deduction is limited to $50,000. Now what possible reason could there be for this provision, unless Congress recognized the fact that the law prior to the inclusion of trusts by the Act of 1924 was not intended to cover trusts? If the words “ fund or foundation ” meant funds or foundations generally, most trusts could have been placed under these terms, and there would have been no need for the retroactive provision for the Act of 1928. The only conclusion *101 that can be drawn is that Congress was legislating retroactively to permit the use of gifts to trusts as deductions, in view of the change of policy of the later acts, at the same time by implication reaffirming its own understanding that the Act of 1921 allowed deduction only in case of community chests, community funds, or community foundations. I therefore conclude that the funds and foundations intended by the phrase being considered are community funds or community foundations, in the sense of doing raised or contributed by the community generally * * *. (Italics supplied.)
We think the construction given by the court to the words “ community chest, fund, or foundation ” is sound and correct. Since the trusts here being considered were not “ raised or contributed to ” by the community generally, but were created by one person, Schmid-lapp, we are of the opinion that they are not exempt from taxation under the provisions of paragraph (6) of section 231.
In the respective petitions in these proceedings it is alleged that the respondent erred in refusing to allow as deductions the following indicated amounts as taken in the returns of the respective petitioners:
[[Image here]]
The petitioners contend that the foregoing respective amounts, which constituted the entire income of each, were allowable deductions under sections 219 (b) and 214 (a) (11) of the Revenue Act of 1921.
Section 219 (b) of the Revenue Act of 1921 provides in part as follows:
The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214.
Section 214 provides:
(a) That in computing net income there shall be allowed as deductions:
*******
(11) Contributions or giftá made within the taxable year to or for the use of: (A) The United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes; (B) any corporation, or community chest, fund, or foundation, organized and operated *102 exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women’s auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual * * *.
The position of the petitioners is that all the income of the trusts, whether distributed or set aside for addition to the principal fund of the trusts, is deductible under sections 219 and 214 (a) (11) as contributions or gifts to a community chest, fund, or a foundation organized exclusively for charitable or educational purposes. Contributions or gifts made by the trusts to or for the use of any corporation, community chest, fund or foundation as provided in section 214 (a) (11) or permanently set aside therefor are deductible, regardless of the exempt status of the petitioner trusts, but we have no evidence that any amounts were during the taxable year paid out by the trustee to or were permanently set aside for the use of any corporation, community chest, fund or foundation organized or operated exclusively for the purposes set out in section 214, unless it be held that the mere accumulation of funds by the trusts themselves comes under that classification. It is 'contended that the trusts, even though they did not actually pay out funds for such purposes, by actually accumulating such funds, permanently set them aside as that expression is used in the statute for a corporation or community trust fund or foundation, since the trusts themselves were such organizations. We have held above on the question as to the exemption of the trusts that they are not corporations, community chests, funds or foundations, as provided in section 231 (6).
In our opinion, therefore, there is no merit in the petitioner’s contention in this respect.
In determining the deficiency in Docket Mo. 36836 the respondent has subjected to both normal and surtax the profit of $60,605 realized by the Charlotte R. Schmidlapp Fund on the sale in 1923 of certain corporate stock which has been held by the trust for profit or reinvestment since its creation in 1907. The petitioner contends that the tax on this profit should be computed under the capital net gain provision of section 206 of the Revenue Act of 1921. It urges that in filing its return it reported no tax liability because it contended that it was exempt under section 231, or that its entire income was permanently set aside for charitable or educational purposes under sections 219 and 214. The petitioner also urges that in view of this there was no occasion for it to make an election or claim as to the benefits of section 206.
The respondent, while not denying that the petitioner is otherwise entitled to the benefits of section 206, contends that, since it did not make an election or request that the profit on the sale of the stock *103 be taxed under that section until the filing of an amended petition shortly before the date of the hearing, it is not now entitled to have its tax computed under that section.
The Act does not restrict the time of election, and it is our opinion that under the circumstances here presented the capital net gain provision is still available to the petitioner. James F. Hoey, 4 B. T. A. 1043.
It is alleged in the petition in the case of the estate of Jacob G. Schmidlapp that the respondent erred in finding that an amount of $5,880.04 deducted in the 1923 return as executor’s commission is not deductible. In his answer the respondent denied this allegation of error. Since no mention is made of this alleged error in the brief of the petitioners, and as no evidence was submitted with respect to it, the respondent’s action is sustained.

In Docket No. 26127 an order will he entered dismissing the proceeding. In Docket Nos. 26128, 26129, 26130, and 36836, judgment will he entered under Bule 60.